J-S01007-26

2026 PA Super 105

COMMONWEALTH OF PENNSYLVANIA　　:　　IN THE SUPERIOR COURT OF
　　　　　　　　　　　　　　　　　　　　:　　　　　　　PENNSYLVANIA
　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　v.　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　:
KASSEY JAMES HOEGE　　　　　　　:
　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　Appellant　　　　　　　:　　No. 826 WDA 2025

Appeal from the Judgment of Sentence Entered November 28, 2023
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s):  CP-65-CR-0002242-2005

BEFORE:　BOWES, J., PANELLA, P.J.E., and STEVENS, P.J.E.[*]

OPINION BY BOWES, J.:　　　　　　　　　　　　**FILED:  May 20, 2026**

Kassey James Hoege appeals from the judgment of sentence of two and one-half to five years of incarceration imposed after he was found to have violated his probation.  As Appellant is entitled to the benefit of the amended version of 42 Pa.C.S. § 9771 in fashioning his revocation sentence, we vacate and remand.

In light of our disposition, a truncated recitation of the history of this case will suffice.  In 2005, Appellant was convicted of involuntary deviate sexual intercourse, unlawful contact, and corruption of minors.  He was sentenced to an aggregate term of eight and one-half to seventeen years of incarceration, followed by five years of probation for the corruption of minors offense, and was required to register as a sexual offender for his lifetime.  Appellant's direct appeal and collateral attacks garnered him no relief.

---

[*] Former Justice specially assigned to the Superior Court.

On November 8, 2022, having completed the imprisonment portion of his sentence, Appellant's parole agent removed his ankle monitor. Despite his five-year probationary tail, the agent mistakenly informed Appellant that he had completed his sentence and could leave the Commonwealth to move to Wisconsin. The next day, the agent realized that Appellant still had to report to probation. Therefore, he immediately advised Appellant to return to Pennsylvania in order to seek to transfer his supervision to Wisconsin. Appellant stated he would return to Pennsylvania, but he did not.

In January 2023, a bench warrant was issued for Appellant based upon his fugitive status. He was eventually apprehended in Wisconsin in October of 2023. The court held violation of probation ("VOP") hearings on November 16 and 28, 2023, and heard from the agent as well as Appellant. At the conclusion of the hearing, the court determined that Appellant had violated his probation, revoked it, and resentenced him to two and one-half to five years of incarceration.

Appellant timely filed a post-sentence motion to reconsider his sentence, averring that the VOP court abused its discretion by failing to consider certain mitigating factors, such as the agent's misguidance and that Appellant complied with his sexual offender registration requirements in Wisconsin. Although permissible, the filing of that motion did not toll the thirty-day appeal period from Appellant's revocation sentence. His judgment of sentence thus became final thirty days later when he neglected to file a notice of appeal.

Nonetheless, the VOP court ordered briefing on Appellant's post-sentence motion and the matter was reassigned to another judge. In Appellant's brief in support of his motion, he expanded his complaints to include that the sentence was unjustifiably outside the sentencing guidelines. Several months later, the court denied the motion and he appealed to this Court. While that appeal remained pending, Appellant filed a *pro se* petition pursuant to the Post Conviction Relief Act ("PCRA"). We quashed his appeal as untimely. Back in the PCRA court, Appellant submitted an amended petition with the assistance of appointed counsel to reinstate his direct appeal rights because VOP counsel had rendered ineffective assistance by failing to timely appeal. The PCRA court agreed, granted his petition, and restored those rights.

Appellant timely filed the instant notice of appeal *nunc pro tunc* and a concise statement pursuant to Pa.R.A.P. 1925(b). In response, the court referred us to its opinion disposing of the post-sentence motion. In this Court, Appellant presents a single question for our resolution: "Did the court abuse its discretion in sentencing [Appellant] to the statutory maximum when [Appellant]'s violation was technical in nature?" Appellant's brief at 4.

Appellant purports to challenge the discretionary aspects of his sentence. Specifically, he argues that the VOP court improperly imposed the statutory maximum sentence of incarceration for a technical violation mere weeks before 42 Pa.C.S. § 9771 was amended "to set a maximum incarceration period of fourteen days for a first technical probation violation."

- 3 -

*Id*. at 5. According to Appellant, "[a]lthough [this amendment] was not in effect at the time of [his] sentencing, such a gross sentencing discrepancy at a time when the passage of [the amendment] was imminent and clearly had been contemplated was an abuse of discretion." *Id*.

By way of further background, at the time the VOP court resentenced Appellant, the revocation statute then in effect provided as follows:

**(a) General rule.--**The court has inherent power to at any time terminate continued supervision, lessen the conditions upon which an order of probation has been imposed or increase the conditions under which an order of probation has been imposed upon a finding that a person presents an identifiable threat to public safety.

**(b) Revocation.--**The court may increase the conditions, impose a brief sanction under [§] 9771.1 (relating to court-imposed sanctions for violating probation) or revoke an order of probation upon proof of the violation of specified conditions of the probation. Upon revocation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation. The attorney for the Commonwealth may file notice at any time prior to resentencing of the Commonwealth's intention to proceed under an applicable provision of law requiring a mandatory minimum sentence.

**(c) Limitation on sentence of total confinement.--**The court shall not impose a sentence of total confinement upon revocation unless it finds that:

(1) the defendant has been convicted of another crime; or

(2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

(3) such a sentence is essential to vindicate the authority of the court.

> **(d) Hearing required.--**There shall be no revocation or increase of conditions of sentence under this section except after a hearing at which the court shall consider the record of the sentencing proceeding together with evidence of the conduct of the defendant while on probation. Probation may be eliminated or the term decreased without a hearing.

42 Pa.C.S. § 9771 (effective December 18, 2019, to June 10, 2024).

Application of subsection (c) allowed the VOP court to exercise its discretion, and was thus subject to review for an abuse of that discretion. ***See Commonwealth v. Seals***, ___ A.3d ___, 2026 WL 739101, at *5 (Pa.Super. Feb. 17, 2026) (*en banc*) ("So long as one of the three prerequisites for revocation was met, . . . the trial court had discretion to choose the length of total confinement, with its only limitation being the maximum sentence that it could have imposed originally at the time of the probationary sentence." (cleaned up)).

That statutory scheme changed when the General Assembly thereafter amended § 9771. ***See*** 42 Pa.C.S. § 9771 (effective June 11, 2024, to October 19, 2025), amended by Act of Dec. 14, 2023, P.L. 381, No. 44 ("Act 44"). The amended version significantly narrowed the circumstances when total confinement could be imposed for a probation violation. It limited the maximum terms allowed based upon the number of technical violations, thereby restricting the judge's discretion in resentencing certain probation violators. In pertinent part, the legislature amended subsection (c) thusly:

> **(c) Limitation on sentence of total confinement.--**There is a presumption against total confinement for technical violations of probation. The following shall apply:

(1) The court may impose a sentence of total confinement upon revocation only if:

(i) the defendant has been convicted of another crime;

(ii) the court finds by clear and convincing evidence that the defendant committed a technical violation that involves an identifiable threat to public safety and the defendant cannot be safely diverted from total confinement through less restrictive means; or

(iii) the court finds by a preponderance of the evidence that the defendant committed a technical violation and any of the following apply:

(A) The technical violation was sexual in nature.

(B) The technical violation involved assaultive behavior or included a credible threat to cause bodily injury to another, including acts committed against a family or household member.

(C) The technical violation involved possession or control of a firearm or dangerous weapon.

(D) The technical violation involved the manufacture, sale, delivery or possession with the intent to manufacture, sell or deliver, a controlled substance or other drug regulated under the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device and Cosmetic Act.

(E) The defendant absconded and cannot be safely diverted from total confinement through less restrictive means.

(F) The technical violation involved an intentional and unexcused failure to adhere to recommended programming or conditions on three or more separate occasions and the defendant cannot be safely diverted from total

confinement through less restrictive means. For purposes of this clause, multiple technical violations stemming from the same episode of events shall not constitute separate technical violations.

(2) If a court imposes a sentence of total confinement following a revocation, the basis of which is for one or more technical violations under paragraph (1)(ii) or (iii), the court shall consider the employment status of the defendant. The defendant shall be sentenced as follows:

(i) For a first technical violation, a maximum period of 14 days.

(ii) For a second technical violation, a maximum period of 30 days.

(iii) For a third or subsequent technical violation, the court may impose any sentencing alternatives available at the time of initial sentencing.

(iv) The time limitations contained in this paragraph shall not apply to the extent that a reasonable term of additional total confinement, not to exceed 30 days, is necessary to allow a defendant to either be evaluated for or to participate in:

(A) a court-ordered drug, alcohol or mental health treatment program; or

(B) a problem-solving court provided for in section 916 (relating to problem-solving courts).

(3) Nothing in this section shall prevent the adoption of a program under section 9771.1.

42 Pa.C.S. § 9771 (effective June 11, 2024, to October 19, 2025).[1]

_____

[1] Although we recognize that the statute was amended again in 2025, the most recent modification did not materially alter the Act 44 amendments, as

*(Footnote Continued Next Page)*

After Appellant submitted his appellate brief in the matter *sub judice*, an *en banc* panel of this Court held that "a claim that the trial court failed to adhere to [the amended version of §] 9771(c) when resentencing a probationer to a period of total confinement implicates the legality of the sentence, not its discretionary aspects." **Seals**, 2026 WL 739101, at *11. The Court nonetheless noted that a defendant may still challenge the court's discretion in how it imposes a sentence "within the confines of that authority." **Id**. at *12 n.21. Stated simply, challenges to the former version of § 9771 generally implicated the discretionary aspects of a defendant's sentence, whereas issues contesting the court's resentencing authority pursuant to what is now § 9771(c)(2)(i) and (ii) may constitute attacks to the legality of the defendant's sentence.

Presently, Appellant has not averred that the Act 44 amendments apply retroactively to him or that the VOP court erred in failing to sentence him in accordance with the provisions of § 9771(c) as amended. Instead, he argues that in exercising its discretion in applying the former version of § 9771, the VOP court should have imposed a less restrictive term of imprisonment in light of the General Assembly's intention in amending the statute shortly after his resentencing.

---

it only renamed "problem-solving court" in § 9771(c)(2)(iv)(B) to "treatment court[.]" As that subsection is not applicable to the matter *sub judice*, we focus in this opinion upon the Act 44 revisions to § 9771.

- 8 -

For this Court to reach the merits of a discretionary sentencing claim, an appellant must first satisfy the following, well-settled, four-part test:

> (1) whether the appellant filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether the appellant's brief has a fatal defect, *see* Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b).

***Commonwealth v. Bartic***, 303 A.3d 124, 134 (Pa.Super. 2023) (cleaned up). Despite Appellant timely appealing *nunc pro tunc*, including a Rule 2119(f) statement in his brief, and challenging his sentence in a post-sentence motion, he did not raise the argument he now presents. Therefore, he has not preserved that discretionary sentencing claim and we will not reach its merits. ***See Bartic***, 303 A.3d at 134.

Nevertheless, as explained *infra*, we conclude that Appellant is entitled to relief because his VOP sentence runs afoul of the § 9771 amendments, which the legislature intended to apply retroactively. We have oft reiterated that "[i]f no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated. Moreover, challenges to an illegal sentence can never be waived and may be reviewed *sua sponte* by this Court." ***Commonwealth v. Whalley***, 326 A.3d 948, 950 (Pa.Super. 2024) (cleaned up). Our High Court provided the following guidance in ascertaining whether an amendatory statute applies retroactively:

Section 1953 of the Statutory Construction Act, entitled "Construction of amendatory statutes," provides:

> Whenever a section or part of a statute is amended, the amendment shall be construed as merging into the original statute, become a part thereof, and replace the part amended, and the remainder of the original statute and the amendment shall be read together and viewed as one statute passed at one time; but the portions of the statute which were not altered by the amendment shall be construed as effective from the time of their original enactment, **and the new provisions shall be construed as effective only from the date when the amendment became effective.**

1 Pa.C.S. § 1953 (emphasis added). Moreover, amendatory statutes are to be construed retroactively only if such construction is clearly indicated under the provisions of the statute. **Commonwealth v. Scoleri**, 160 A.2d 215, 227 (Pa. 1960).

**Commonwealth v. Shaffer**, 734 A.2d 840, 843 (Pa. 1999).[2]

The Act 44 amendments became effective on June 11, 2024, roughly six months after the court resentenced Appellant for his technical violation. However, the amendatory act itself reveals the legislature's intent that the amendments to § 9771 apply retroactively. Of particular relevance, Section 5 of Act 44 plainly provides:

Section 5. This act shall apply as follows:

---

[2] Regardless of legislative intent, we recognize that we may not apply a statute retroactively if doing so would violate the state or federal *ex post facto* clauses. "Two critical elements must be met for a criminal or penal law to be deemed *ex post facto*: (1) it must be retrospective, that is, it must apply to events occurring before its enactment, and (2) it must disadvantage the offender affected by it." **Commonwealth v. Santana**, 266 A.3d 528, 536 (Pa. 2021) (cleaned up). We readily conclude that Act 44 does not constitute an *ex post facto* violation because the text of amended § 9771(c) does not disadvantage defendants.

> (1) This act shall apply to individuals sentenced or resentenced on or after the effective date of this section.
>
> (2) Except for the addition of 42 Pa.C.S. § 9774.1, **this act shall apply to individuals sentenced or resentenced prior to the effective date of this section.**

Act 44 § 5 (emphasis added). In other words, the General Assembly unequivocally indicated that, with the exception of § 9774.1, the Act 44 revisions, including those to § 9771, were to be applied retroactively to individuals, like Appellant, who were resentenced prior to June 11, 2024. ***Cf. Schaffer***, 734 A.2d at 843 ("The legislature failed to clearly indicate in the amendatory act that the amendment . . . should be applied retroactively.").

Thus, based upon the clear language of Act 44, we apply the amended version of § 9771 retroactively to Appellant because he is an individual "sentenced or resentenced" prior to the Act's effective date.[3] ***See*** Act 44 § 5.

_____

[3] Although not critical to its decision, the ***Seals*** Court similarly observed that the amended version of § 9771 applied retroactively to individuals resentenced before the amendment's effective date based upon language in the uncodified provisions of Act 44. ***Seals***, 2026 WL 739101, at *19; ***see also Commonwealth v. Morton***, ___ A.3d ___, 2026 WL 1262087 (Pa.Super. 2026) (applying ***Seals*** to determine that Act 44 applies retroactively). While we are not bound to follow the judicial *dicta* in ***Seals***, we nevertheless reach the same conclusion as our esteemed colleagues in ***Seals*** and ***Morton*** that Act 44 applies retroactively. ***See In re Huff***, 334 A.3d 232, n.11 (Pa. 2025) (noting that *dicta* "is an opinion . . . that is not essential to the decision" and therefore "has no precedential value" (cleaned up)).

In doing so, we note that the amended version of § 9771 codified in the *Pennsylvania Consolidated Statutes* cross-references Act 44 § 5 "for special provisions relating to applicability[,]" 42 Pa.C.S. § 9771, but the annotated edition of the official codification as reprinted in *Purdon's Consolidated*
*(Footnote Continued Next Page)*

Since the VOP court did not apply the Act 44 amendments and imposed a sentence outside the statutory range set forth in the amended version of § 9771, this relates to the legality of his sentence and we will address it *sua sponte*. **See Whalley**, 326 A.3d at 950; **see also Seals**, 2026 WL 739101, at *12 n.21 (noting that "a claim that a court did not abide by the requirements of [§] 9771" relates to the legality of a sentence).

Although Appellant's revocation and re-sentencing were legal when entered, pursuant to the plain language of Act 44 § 5, Appellant is now entitled to the benefit of § 9771, as amended. Appellant's sentence of two and one-half to five years of incarceration exceeds § 9771's amended maximum allowable term of incarceration of fourteen days for a first technical violation. **See Commonwealth v. Goodwin**, ___ A.3d ___, 2026 WL 775409, at *8 (Pa.Super. Mar. 19, 2026) (concluding that "the new statutory scheme leaves no alternative but to conclude the trial court erred in imposing a one-to-two-year term of imprisonment at the hearing for Goodwin's three technical violations because those violations were presented to the court collectively rather than individually" during "the same, first hearing" (cleaned up)); **see also Commonwealth v. Oglesby**, ___ A.3d ___, 2026 WL 847717, at *13 (Pa.Super. Mar. 27, 2026) (holding, after determining that § 9771(c) is ambiguous, "that in calculating a probationer's technical violations for

---

*Statutes Annotated* inexplicably omits any reference to Act 44 § 5. **See** 42 Pa.C.S.A. § 9771. We rely upon the language of the amendatory act and not either codification.

- 12 -

purposes of [§] 9771(c), a VOP court must consider only violating behaviors that were accompanied by a judicial finding that the probationer committed a violation"). Therefore, Appellant's sentence is illegal and he is entitled to a new revocation sentence that complies with the mandates of the applicable version of § 9771.

Based on the foregoing, we vacate Appellant's judgment of sentence and remand for the VOP court to resentence him in accordance with the amended version of § 9771. **Accord Seals**, 2026 WL 739101, at *19.

Judgment of sentence vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 5/20/2026